# IN THE COURT OF APPEALS OF IOWA

---

No. 25-0127
Filed July 22, 2026

---

**State of Iowa,**
Plaintiff–Appellee,
v.
**Dmytro Prysich,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Polk County,
The Honorable Christopher Kemp, Judge.

---

**AFFIRMED**

---

Robert G. Rehkemper of Gourley, Rehkemper, & Lindholm, P.L.C.,
West Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester,
Assistant Attorney General, attorneys for appellee.

---

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

Dmytro Prysich appeals his conviction for vehicular homicide by operating while intoxicated following a jury trial. Prysich raises constitutional and rules-based challenges to the district court's decision to permit testimony from a State witness who was not listed in the minutes of testimony prior to commencement of trial. And he argues that even if the witness's testimony was permissible, it did not establish foundation for the blood test results offered to prove Prysich's intoxication. Following our review, we affirm.

## I.    Background Facts & Prior Proceedings

Prysich is a semitruck driver. While traveling on I-80, he struck a tow truck driver as the tow truck driver was exiting his truck to hook up a disabled vehicle. The tow truck, the disabled vehicle, a law enforcement vehicle, and a highway helper were parked on the shoulder at the time of impact. The tow truck driver died from the impact.

An officer detained Prysich shortly thereafter and obtained a warrant to take a sample of Prysich's blood. A medical technologist from the county health department came to the police station and performed the blood draw. Subsequent testing showed Prysich had a blood alcohol concentration of .196 grams per 100 milliliters. The State charged Prysich by trial information with vehicular homicide by operating while intoxicated and leaving the scene of an accident causing death.

Prior to trial, the medical technologist who completed the blood draw was not listed as a witness in the minutes of testimony. On the first day of trial, an investigating officer testified to his observations of the blood draw done at the police station. The State attempted to question the officer about

the resulting lab report. However, Prysich objected based on lack of foundation, and the court sustained the objection. Later that same day, the State filed additional minutes of testimony listing the medical technologist who completed the blood draw as a witness. Prysich filed a responsive motion to exclude the medical technologist's testimony under Iowa Rule of Criminal Procedure 2.19(2) and contended that allowing her to testify would "violate[] [Prysich]'s constitutional right to substantive due process, fundamental fairness and fair trial under the 14th Amendment to the United States Constitution and Article I, section 9 of the Iowa Constitution."

The court addressed the motion before beginning testimony the next day. The prosecutor clarified that the medical technologist would only be called for foundational purposes. Defense counsel argued exclusion was necessary in part because Prysich had already made trial strategy decisions that impacted his "constitutional rights to a fair trial." When ruling from the bench, the district court referenced *State v. Ellis*,[1] which analyzed the defendant's challenge to a late-noticed witness under the Iowa Rules of Criminal Procedure. 350 N.W.2d 178, 182–83 (Iowa 1984). It went on to discuss former Iowa Rule of Criminal Procedure 18(3) and its modern-day counterpart, rule 2.19(2). The court concluded it would allow testimony from the medical technologist for the limited purpose of establishing foundation for the evidence of the blood draw. Prysich's counsel then deposed the witness over the lunch hour.

---

[1] The transcript identifies the case as "State versus Alice." We believe either the court misspoke or the court reporter misheard the court because the court identified the citation for the opinion as "350 N.W.2d 178," which is the correct citation for *State v. Ellis*. And the court's discussion of the case makes clear it was referring to *State v. Ellis*.

During the medical technologist's testimony, she explained that she is employed by the Polk County Health Department and the Polk County Sheriff's office. She explained that when she does a blood draw for the sheriff's office for purposes of an operating-while-intoxicated investigation, she uses a different sterilizing material on the person to avoid "giv[ing] a false blood alcohol level." The witness testified that she had both a sealed blood draw kit provided by the sheriff's office and supplies from the county health department in her own kit to complete the blood draw. On cross-examination, after watching video footage of her completing the blood draw, she admitted that she used a sterilizing wipe from her own kit rather than the packaged kit from the sheriff's office, though she posited that the wipe was likely an extra from a prior sheriff's office kit. And she conceded she did not know the expiration date of the sterilization wipe that she used. On redirect, the medical technologist clarified that the wipe was in a sealed wrapper and was not tampered with.

The next day and outside of the presence of the jury, the parties revisited whether the State met the foundational requirements for admission of the blood test results. The court concluded that the State had met the foundational requirements. Later, a criminologist from the Department of Criminal Investigation testified, over defense counsel's objection, that the testing of Prysich's blood sample showed his blood alcohol level to be .196 grams per 100 milliliters.

The jury found Prysich not guilty of leaving the scene of an accident causing death, but it found him guilty of vehicular homicide by operating while intoxicated. He appeals, bringing rules-based and constitutional challenges to the district court's decision to permit the late-noticed witness to testify for foundational purposes about the blood draw procedure. And he

4

also contends that, even with that witness's testimony, the State failed to establish foundation to allow evidence of the blood test results. We address each claim in turn.

## II.    Discussion

### A. Late-Noticed Witness

We begin with Prysich's challenges to the late-noticed witness. While he makes significant constitutional arguments on appeal, those constitutional arguments are not preserved for our review. Prysich did refer to his rights to "substantive due process, fundamental fairness and fair trial under the 14th Amendment to the United States Constitution and Article I, section 9 of the Iowa Constitution" in his written motion and referenced his "constitutional rights to a fair trial" when arguing to the court. The problem is that it is clear from the transcript that the district court's ruling is based only on the Iowa Rules of Criminal Procedure. The court only referenced those rules and caselaw interpreting those rules when ruling. It made no reference—and did not even allude to—Prysich's constitutional arguments in its ruling. Because Prysich never received a ruling on his constitutional arguments and never alerted the court to its failure to rule, error is not preserved for our review.[2] *See State v. Jentz*, 853 N.W.2d 257, 264–65 (Iowa Ct. App. 2013) (requiring a constitutional claim be both raised with specificity before the district court and ruled upon by the district court to preserve error); *see also Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (requiring issues be raised in front

[2] In his reply brief, Prysich's counsel—who also represented Prysich below—asks this court to find him ineffective and presumably consider the claim within the ineffective-assistance framework should we conclude that error is not preserved. However, we are statutorily barred from considering claims of ineffective assistance on direct appeal. Iowa Code § 814.7 (2025).

of and decided by the district court and a party to alert the district court if it failed to rule on an issue to preserve error for appellate review).

We proceed to Prysich's claim that the district court abused its discretion when it permitted the medical technologist to testify even though the State failed to comply with Iowa Rule of Criminal Procedure 2.19(2). *See State v. Middlekauff*, 974 N.W.2d 781, 790–91 (Iowa 2022) (stating "[w]e review decisions regarding the admission of testimony beyond the scope of the minutes of testimony . . . for an abuse of discretion"); *State v. LeGrand*, 501 N.W.2d 59, 62 (Iowa Ct. App. 1993).

Rule 2.19(2) provides:

> a. The prosecuting attorney shall not be permitted to introduce any witness whose minutes of testimony were not filed at least 10 days before the commencement of trial, except rebuttal witnesses.

> b. If the prosecuting attorney does not provide the requisite notice, the court may order the state to permit the discovery of such witness, grant a continuance, or enter such other order as it deems just under the circumstances. If the court finds that no less severe remedy is adequate to protect the defendant from undue prejudice, the court may order the exclusion of the testimony of any such witness.

Here, there is no question the State failed to comply with rule 2.19(2)(a) because it failed to file minutes of testimony about the medical technologist at least ten days before trial and instead filed them after the trial had already begun. So the only disputed issue is whether the district court abused its discretion in selecting a remedy under rule 2.19(2)(b). Prysich argues that the only tenable remedy would have been for the district court to exclude the medical technologist's testimony entirely. We disagree.

We agree with the State that rule 2.19(2)(b) does not make exclusion compulsory. Rather, exclusion of the witness is only an appropriate remedy

6

when no other less severe remedy would be adequate. *See* Iowa R. Crim. P. 2.19(2)(b) (conditioning the court's ability to exclude a late-noticed witness on the court first determining that no less severe remedy would be adequate); *see also State v. Maclin*, No. 23-1887, 2024 WL 4969305, at *1 (Iowa Ct. App. Dec. 4, 2024) (concluding the same). And despite Prysich's arguments to the contrary, we conclude he was not prejudiced by the medical technologist's limited testimony.

When considering whether Prysich suffered undue prejudice, we are cognizant that the purpose of the rule "is to inform the defendant of the identity of [the] State['s] witnesses and what evidence they will give" so that the defendant may prepare for trial. *Middlekauff*, 974 N.W.2d at 804 (citation omitted). Here, the State disclosed the medical technologist's identity through discovery, and it also disclosed video evidence showing her complete the blood draw. So Prysich knew of her and her role in the investigation. *See Maclin*, 2024 WL 4969305, at *2 (focusing on whether the defendant was surprised by the witness's testimony when determining whether the defendant suffered undue prejudice). Moreover, the district court gave defense counsel time to depose the medical technologist prior to her testimony, and counsel used that to his advantage by highlighting inconsistences between her deposition and trial testimony. And finally, the district court limited the witness's testimony to foundational purposes.

Given the circumstances of this case, we conclude that the district court did not abuse its discretion when it permitted the medical technologist to testify on the limited issue of foundation related to the blood draw.

## B. Foundation

Finally, we address Prysich's claim that, even with the medical technologist's testimony, the State failed to establish foundation for evidence

of the blood test results under Iowa Code section 321J.11(1). Because this evidentiary issue hinges on statutory interpretation, we review for correction of errors at law. *State v. Palmer*, 554 N.W.2d 859, 864 (Iowa 1996).

Section 321J.11(1) identifies the requirements for a compelled blood draw. Prysich zeros in on the last sentence of that subsection: "Only new equipment kept under strictly sanitary and sterile conditions shall be used for drawing blood." Iowa Code § 321J.11(1). Specifically, he highlights the requirement that the "equipment [be] kept under strictly sanitary and sterile conditions." According to Prysich, the State failed to establish the equipment used in his blood draw was kept under such conditions because the medical technologist could not say when the equipment expired and used some equipment from her own kit rather than from the kit provided by law enforcement.

A panel of this court rejected a similar claim in *State v. Miller*. No. 23-1409, 2024 WL 5153199, at *8–10 (Iowa Ct. App. Dec. 18, 2024). In that case, the defendant argued that the State failed to establish foundation for blood test results because there was no evidence regarding when the equipment used in his blood draw expired so it could not be described as "new." *Id.* at *8. This court recognized that "superimposing" a requirement that the State provide proof of equipment expiration dates to qualify as "new" equipment would "go[] beyond the language used by the legislature." *Id.* at *10. And "[w]e may not enlarge a statutory term beyond what the legislature adopted." *Id.*

We find the rationale from *Miller* to be compelling and follow it here. If the legislature intended "under strictly sanitary and sterile conditions" to mean that the equipment used had to be specifically identified as used prior to its expiration date, then it could have so stated. We will not add that

8

requirement because "[o]ur case law does not intend that the foundational requirements for admission of the test results be difficult to establish." *See id*. And as for Prysich's complaints about the medical technologist using some equipment from her own kit rather than the provided kit, we find nothing in the statute or our case law that suggests that all equipment must come from the kit provided by law enforcement in order to be sanitary and sterile. Here, the technologist explained that all equipment used either came from the provided kit or from her own kit, which she stocked with products from the county health department. Everything she used was in sealed packaging that she opened when she completed the blood draw. We conclude that the district court correctly concluded that the State offered proper foundation for the admission of the blood test results. And the jury was free to consider the subsequent testimony from the criminologist about Prysich's blood-alcohol level.

## III.   Conclusion

In sum, Prysich failed to preserve his constitutional challenges to the late-noticed witness. The district court did not abuse its discretion when it permitted foundational testimony from the late-noticed witness after Prysich had an opportunity to depose her. And the State was not required to provide evidence of the expiration dates of equipment used in Prysich's blood draw to establish foundation. In reaching these conclusions, we considered the arguments of the parties, including those not explicitly addressed herein. Finding no basis for reversal, we affirm the district court.

**AFFIRMED.**